J-S26026-23

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :                PENNSYLVANIA
                                       :

              v.                           :
                                       :
                                     :

JAMES CRUMPLER                  :
                                     :

              Appellant           :    No. 240 EDA 2023

Appeal from the Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004210-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED OCTOBER 11, 2023**

James Crumpler appeals from the order denying his timely petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On April 12, 2018, around 12:00 [a.m.], [Crumpler] was outside of a bar located at 1322 West Olney Avenue, owned by Complainant, Anthony Jacquinto.  [Crumpler] attempted to punch . . . Complainant outside of the bar, but Complainant avoided the punch.  [Crumpler] then followed Complainant inside of the bar, despite attempts to keep [Crumpler] from entering.  When Complainant's back was turned, [Crumpler] punched Complainant in the jaw, causing the Complainant to fall and hit his head on a metal part [of the bar].  Complainant was rendered unconscious after [Crumpler's] punch to the jaw.  Complainant was taken to the hospital where he received three staples for the lacerations to his head, underwent surgery to repair the mandibular fracture to his jaw, and his jaw had to be wired shut.

*Commonwealth v. Crumpler*, 245 A.3d 1095 (Pa. Super. 2020), non-precedential decision at 1-2 (citation omitted).

On March 29, 2019, Crumpler pled guilty to aggravated assault, graded as a first-degree felony. On August 22, 2019, the trial court sentenced Crumpler to five to ten years of imprisonment, followed by a five-year probationary term. Following the denial of his post-sentence motion, Crumpler filed an appeal to this Court in which he challenged the discretionary aspects of his sentence. Finding no merit to this claim, we affirmed his judgment of sentence on December 23, 2020. *Id.*

On November 8, 2021, Crumpler filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On June 20, 2022, PCRA counsel filed an amended petition. Thereafter, the Commonwealth filed a motion to dismiss. On December 8, 2022, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Crumpler's petition without a hearing. Crumpler did not file a response. By order entered January 6, 2023, the PCRA court denied Crumpler's amended petition. Crumpler appealed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

On appeal, Crumpler claims that the PCRA court erred in denying his claim that he "was sentenced greater than the [l]awful maximum in connection with a guilty plea on August 22, 2019." Crumpler's Brief at 2 (unnumbered).

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported

by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing ***Commonwealth v. Barndt***, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [***See*** Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Our review of the record refutes Crumpler's claim that his sentence for aggravated assault exceeded the applicable statutory maximum. Graded as a first-degree felony, aggravated assault carries a statutory maximum of twenty years of imprisonment. 18 Pa.C.S.A. § 1103(1). Crumpler's sentence of five to ten years of incarceration to be followed by a five-year probationary term does not exceed the twenty-year maximum.

A review of Crumpler's argument in support of his sentencing claim, actually consists of a challenge to the discretionary aspects—not the legality—of his sentence. As the PCRA court stated in its Rule 907 notice:

> [Crumpler] asserts that trial counsel failed to argue that his sentence was illegal because it was greater than the lawful maximum. The statutory maximum for [Crumpler's] first-degree-

felony conviction is 20 years.  [Crumpler's] argument is instead a relitigation of the discretionary aspects of his sentence, which trial counsel preserved, appellate counsel argued, and the Superior court reviewed.  The Superior Court has already determined that [the trial court] did not abuse its discretion in sentencing [Crumpler] to what is already a mitigated sentence, considering [Crumpler's] sentencing guidelines.

Rule 907 Notice, 12/8/22, at 2.[1]  Thus, Crumpler's true claim on appeal has been previously litigated under the PCRA.  42 Pa.C.S.A. § 9544(a).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 11, 2023</u>

---

[1] Although the PCRA court discussed reasons for denying Crumpler's petition in its Rule 907 notice, it did not file a Rule 1925(a) opinion.  The PCRA court, the Honorable Kai N. Scott, was no longer sitting in the court of common pleas, because she joined the federal judiciary.  The lack of an opinion does not impede appellate review.